ARLENE POLLY EASTER MANNS RICHARDSON McINTOSH, PE-
TITIONER FOR THE ADOPTION OF KENITH LEE McINTOSH AND KEITH
ALLEN McINTOSH v. JANET RAE McINTOSH

No. 7421DC48

(Filed 20 February 1974)

Adoption § 2— abandonment of child — insufficiency of instructions

In this adoption proceeding seeking a determination of abandon-
ment, the trial court's instruction as to abandonment alone without an
instruction that abandonment had to be found to have occurred con-
tinuously for a period of six months immediately prior to the filing
of the action was an insufficient explanation of the law arising from
the facts. G.S. 48-2(3a).

APPEAL by respondent from *Henderson, District Judge,* at
the 16 July 1973 Session of FORSYTH County, the General Court
of Justice, District Court Division.

This is a civil action pursuant to adoption proceedings for a
determination of abandonment within the meaning of G.S.
Chapter 48, and for the appointment of a guardian ad litem.

Respondent appellant Janet Rae McIntosh was divorced
from Kenith W. McIntosh in October of 1967 in Seattle, Wash-
ington. Custody of the two children, Kenith Lee McIntosh and
Keith Allen McIntosh, was awarded to the father, Kenith W.
McIntosh. At Christmas 1968, Mr. McIntosh and the children
met the respondent in downtown Seattle, and thereupon she
went shopping with the children. Apparently, this was the last
time the respondent communicated with the children until the
filing of this petition in August of 1971. Mr. McIntosh and the
children, in February of 1969, made a short visit to Oregon, then
subsequently moved to Denver, Colorado, Memphis, Tennessee
and finally to Winston-Salem, North Carolina. In the meantime,
Mr. McIntosh had married the petitioner, Arlene McIntosh.

The petition alleges that respondent willfully abandoned
the children on or about 25 December 1968 and that said condi-
tion continued for more than six months next preceding the
institution of this action.

Respondent contends that at no time after February 1969
did she know the whereabouts of the children and thus could
not be held to have willfully abandoned them. From a verdict
in favor of the petitioner, finding abandonment, the respond-
ent appealed.

McIntosh v. McIntosh

*White & Crumpler by Michael J. Lewis for petitioner appellee.*

*Randolph and Randolph by Clyde C. Randolph, Jr., for respondent appellant.*

CAMPBELL, Judge.

The respondent's primary exception is to the failure of the trial judge to instruct the jury that the willful abandonment must have existed for at least six months immediately preceding the institution of the action.

The respondent concedes that the definition of "abandonment" in the charge is acceptable except on one point. There was no instruction that abandonment had to be found to have occurred continuously for a period of six months immediately prior to the filing of this action. G.S. 48-2(3a) reads:

"For the purpose of this Chapter, an abandoned child shall be any child who has been willfully abandoned at least six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child. . . . "

The respondent's assignment of error must be sustained. An instruction as to abandonment alone without an instruction as to the time period over which the abandonment must exist is an insufficient explanation of the law arising from the facts. G.S. 1A-1, Rule 51(a). See generally *Pratt v. Bishop,* 257 N.C. 486, 126 S.E. 2d 597 (1962); *Boring v. Mitchell,* 5 N.C. App. 550, 169 S.E. 2d 79 (1969); Annotation, "What Constitutes Abandonment or Desertion of Child by its Parent or Parents Within Purview of Adoption Laws," 35 A.L.R. 2d 662, 675 (1954).

We therefore grant a new trial. A discussion of respondent's other assignments of error is not necessary as they may not recur upon retrial.

New trial.

Judges HEDRICK and BALEY concur.